```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

KIEV ROBINSON,

        Petitioner,

v.                                Case No:  2:16-cv-48-FtM-29MRM

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

        Respondents.
_____

## **OPINION AND ORDER**

Pending before the Court is Petitioner Kiev Robinson's ("Petitioner" or "Robinson") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on May 18, 2016 (Doc. 14, "Petition").  Petitioner is confined within the Florida Department of Corrections and challenges his September 26, 2008 conviction, after jury trial, for second degree murder with a firearm entered by the Twentieth Judicial Circuit Court in Charlotte County, Florida in case number 06-1203-CF.  (Doc. #14 at 1).

The Court ordered Respondent, the Secretary of the Florida Department of Corrections, to show cause why the relief sought in the Petition should not be granted (Doc. #17).  Respondent filed a Limited Response (Doc. #19) asserting that the Petition must be

dismissed as time-barred because it was filed beyond the one-year period of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). In reply, Petitioner filed a Limited Response (Doc. #26) and argued he was entitled to equitable tolling of the limitations period. Specifically, Petitioner contends that because he did not have volume 7 of his trial transcripts he was unable to ascertain his habeas claim that "hinge[s] on the court having instructed the jury with the manslaughter instruction," which instruction was deemed fundamentally flawed in State v. Montgomery, 39 So. 3d 252 (Fla. 2010). Doc. #26 at 1-2. Robinson asserts that after unsuccessful attempts to obtain the missing volume from his attorney and the state court, his aunt purchased the missing volume for him on July 1, 2011 but claims that he did not receive the missing volume until "the end of August 2011." Doc. #1 at 4. Petitioner attaches documents to demonstrate his efforts in trying to obtain the missing volume. Doc. #1 at 7-23. Petitioner faults "appellant counsel's grave errors, and unprofessional actions" as the reason why he could not have timely filed his habeas claim at an earlier date. Doc. #26 at 5.

The Court directed Respondent to file a supplemental brief addressing both Petitioner's Limited Reply and the timeliness of Petitioner's May 18, 2016 Petition under 28 U.S.C. § 2244(d)(1)(D),

and afforded Petitioner an opportunity to file a reply. See Doc. #29. As directed, Respondent filed a Supplemental Brief on September 18, 2017 (Doc. #31), to which Petitioner filed a Reply on May 7, 2018 (Doc. #38).

Based upon a careful review of the pleadings and record, the Court finds that the Petition should be dismissed as time-barred.

## I.    **Procedural History**

On September 21, 2006, the State of Florida charged Petitioner with second degree murder with a firearm in the August 23, 2006 death of Raheem Thomas. Exh. A1.[1] After a jury trial, Petitioner was found guilty as charged; and, on September 26, 2008 was sentenced to thirty (30) years in prison, followed by probation for life. Exh. A2. On June 4, 2010, the Second District Court of Appeal affirmed Petitioner's conviction and sentence. Robinson v. State, 37 So. 3d 921, 922 (Fla. 2d DCA 2010). Exh. B4. Mandate issued on July 27, 2010. Exh. B5.

On April 20, 2012, Petitioner filed his first Rule 3.850 motion for postconviction relief. Exh. C1. On April 1, 2013, after response from the State, (Exh. C2), the postconviction court summarily denied the motion. Exh. C4. Petitioner's timely filed

---

[1] The Court will refer to paper exhibits filed by Respondent on December 19, 2016 (Doc. #21) and November 3, 2017 (Doc. #33) as "Exh _."

a motion for rehearing (Exh. C5), which was denied on April 30, 2013. Exh. C6. The state appellate court *per curiam* affirmed the denial of Petitioner's Rule 3.850 motion. Exh. D2. After denying Petitioner's motion for rehearing (Exh. D4), mandate issued on August 5, 2014 in case no. 2D13-2575. Exh. D5.

While his first Rule 3.850 postconviction was pending, Petitioner filed a petition alleging ineffective assistance of appellate counsel. Exh. E1. The Second District Court of Appeal denied the petition on August 16, 2012. Exh. E5.

Petitioner filed his second Rule 3.850 motion on July 9, 2014 before mandate issued in his first Rule 3.850 motion. Exh. F1. The motion alleged fundamental error and manifest injustice stemming from the manslaughter instruction that was subsequently deemed fundamentally erroneous in State v. Montgomery, 39 So. 3d 252 (Fla. 2010). Id. The state responded arguing that the motion was untimely (Exh. F2) and the postconviction court denied the motion on the merits. Exh. F3. Petitioner sought a rehearing (Exh. F4). On October 6, 2014, the postconviction court denied the motion for rehearing finding that the second Rule 3.850 "postconviction motion is untimely." Exh. F5 at 3. Petitioner appealed the denial of second Rule 3.850 motion. Exh. G1. The Second District Court of Appeal *per curiam* affirmed the

postconviction court's denial on May 15, 2015. Exh. G2. Petitioner filed a timely motion for rehearing (Exh. G3), and after directing the State to respond (Exh. G4), the Second District Court of Appeal denied the rehearing on September 25, 2015. Mandate issued on November 4, 2015 (case no. 2D14-5342). Exh. G8.

Prior to mandate issuing on his second Rule 3.850 motion, Petitioner filed a Motion to Vacate pursuant to Rule 3.850 on September 25, 2014, challenging Fla. Stat. 782.04 as unconstitutional. Exh. I1. After response by the State (Exh. I2), the court denied the motion, warning Petitioner "further successive or frivolous motions" would result in an order to show cause why he should not be precluded from further *pro se* filings and/or face sanctions, including loss of gain time. Exh. I4 at 2. The appellate court affirmed the denial without citation (Exh. J3) and mandate issued on September 25, 2015 (case no. 2D15-581). Exh. J6.

On April 11, 2016, Petitioner filed a Petition for Writ of Habeas Corpus to Correct a Manifest Injustice, (Exh. K1), which the Second District Court of Appeal denied without opinion on May 24, 2016. (Exh. K3). Petitioner's motion for rehearing and clarification were denied on June 28, 2016 (case no. 2D16-1625). Exh. K2.

On January 20, 2016, Petitioner initiated this action by filing a "Clarification to the Magistrate" in the Ocala Division of this Court. Doc. #1. The pleading did not state any claims for relief. Instead, Petitioner sought leave to file an untimely 28 U.S.C. § 2254 petition for writ of habeas corpus. Id. Because Petitioner's underlying criminal conviction occurred in Charlotte County, the case was transferred to this Court. Doc. #3. Petitioner was directed to file a habeas petition on the court's approved form (Doc. #8). Petitioner delivered his Petition to prison officials for mailing on May 18, 2016. Doc. #14.

## II. **Analysis**

### A. **A 28 U.S.C. § 2254 federal habeas corpus petition is subject to a one-year statute of limitation**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in

>     violation of the Constitution or laws of the
>     United States is removed, if the applicant was
>     prevented from filing by such State action;
>
> (C) the date on which the constitutional right
>     asserted was initially recognized by the
>     Supreme Court, if that right has been newly
>     recognized by the Supreme Court and made
>     retroactively applicable to cases on
>     collateral review; or
>
> (D) the date on which the factual predicate of the
>     claim or claims presented could have been
>     discovered through the exercise of due
>     diligence.

28 U.S.C. § 2244(d)(1).

**B. Petition Filing Date**

The Clarification to Magistrate did not identify any substantive constitutional claims or underlying facts in support. See Doc. #1. Under federal law, the AEDPA one-year limitation period continues to run until such time as a petition for writ of habeas corpus is actually filed, even if a petitioner filed a motion in connection with his federal petition. Woodford v. Garceau, 538 U.S. 202, 208 (2003) (holding that a federal habeas case commences with the filing of an application for habeas relief, the equivalent of a complaint, not with the filing of a motion for appointment of federal habeas counsel); Lookingbill v. Cockrell, 293 F.3d 256, 263 (5th Cir. 2002) ("A habeas petition is pending only after a petition for a writ of habeas corpus itself is filed.

Thus, the filing of the federal habeas petition--not of a motion for appointment of counsel--tolls limitations.") (internal quotation marks, citation and footnote omitted), cert. denied, 537 U.S. 1116 (2003); see also Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (per curiam) (citing Woodford for the proposition that a case does not become "pending" until the actual application for habeas corpus relief is filed in federal court); Isaacs v. Head, 300 F.3d 1232, 1245 (11th Cir. 2002) (finding "the relevant date for purposes of judging AEDPA's applicability to a habeas petition is the date on which the actual § 2254 petition was filed."), cert. denied, 538 U.S. 988 (2003).

Additionally, because there are no substantive grounds raised in the Clarification to Magistrate, the Petition filed on May 18, 2016 cannot be construed as an amended petition. See Mayle v. Felix, 545 U.S. 644, 656-57 (2005)(Rule 2(c) of the Rules Governing Habeas Corpus Cases requires the petitioner to specify all available grounds and facts for each claim raised and where a petition is amended beyond AEDPA's one-year time limit the newly asserted ground for relief must, consistent with Fed. R. Civ. P. 15(c)(2), relate back to the claims asserted in the initial petition). Consequently, the Court finds May 18, 2016 instead of January 20, 2016 as the Petition's operative filing date.

**C. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A)**

Robinson timely filed a direct appeal as provided by Florida Rule of Appellate Procedure 9.140 (providing a defendant in a criminal case with 30 days to file a notice of appeal). "In Florida, a state post-conviction motion is pending until the appropriate appellate court issues the mandate for its order affirming a state trial court's denial of the motion." Woulard v. Sec'y, Dep't of Corr., 707 F. App'x 631, 633 (11th Cir. 2017). Thus, Robinson's conviction and sentence became final on October 25, 2010,[2] ninety days after mandate by the State court issued since Robinson did not pursue a writ of certiorari. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012)(where petitioner elects not to seek direct review by the Supreme Court his judgment is not considered final until the time for seeking such review expires).

Consequently, the federal limitations period commenced on October 26, 2010, and expired one year later on **October 26, 2011**,

---

[2] Respondent incorrectly calculates the ninety days from the date the Second District Court of Appeal affirmed Robinsons conviction and sentence (June 4, 2010) instead of the date Mandate issued (July 27, 2010). Doc. #19 at 14. Under Florida law, when a defendant files an appeal, the judgment and sentence become final when the appellate court issues its mandate-not its decision-on the direct appeal. See Anton v. State, 976 So. 2d 6, 8 (Fla. 2d DCA 2008) (citing Ward v. Dugger, 508 So. 2d 778, 779 (Fla. 1st DCA 1987)).

absent tolling. San Martin v. McNeil, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing AEDPA's one-year limitation period to begin to run from the day after the day of the event that triggers the period); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.") (citing Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The one-year AEDPA clock is "tolled during times in which a 'properly filed' application for state post-conviction relief is 'pending.'" Green v. Sec'y, Dep't of Corr., 877 F.3d 1244, 1247 (11th Cir. 2017)(citations omitted); see also 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Here, Petitioner filed his first postconviction motion, a Rule 3.850 motion, on April 20, 2012. However, by that time, Petitioner's AEDPA period had lapsed, and the Rule 3.850 motion does not operate to retroactively toll the statute of limitations. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state

court petition that is filed following the expiration of the federal limitations cannot toll the limitations period because there is no remaining period to be tolled); Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012)(for section 2244(d)(2) tolling to apply the petitioner must file the collateral motion before the one-year period has run). Because Petitioner is not entitled to statutory tolling, the instant Petition was filed 1527 days (4 years, 2 months, and 5 days) after the federal limitations period had expired.

**D. Petitioner cannot show a State impediment to warrant application of the trigger under 28 U.S.C. § 2244(d)(1)(B)**

As noted *supra*, Petitioner concedes that his Petition was filed after the expiration of the federal limitations but argues that the statutory trigger set forth in §§ 2244(d)(1)(B) should apply due to appellate counsel's failure to provide him with the full transcript which was necessary for him to raise his habeas claims. Doc. #26 at 3.

To delay the running of the statute of limitations, 2244(d)(1)(B) requires state action that both "violat[ed] ... the Constitution or laws of the United States" and "prevented [the prisoner] from filing" his federal petition. 28 U.S.C. § 2244(d)(1)(B). Robinson contends because counsel was appointed

by the state he is "a state agent." Doc. #26 at 3. He then reasons that counsel's failure to provide him with a complete copy of the trial transcript that included the jury instructions is evidence of "state action" that impeded his ability to timely file his habeas. Doc. #26 at 3.

Even if counsel was appointed by the State, acts performed by counsel are not the type of State impediment envisioned by § 2244(d)(1)(B). The Eleventh Circuit has held that "incompetent" performance by appointed counsel "is not the type of State impediment envisioned in § 2244(d)(1)(B)." <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005), <u>aff'd</u> 549 U.S. 327 (2007). <u>See</u> <u>also</u>, <u>Gordon v. Secretary, Dep't of Corr.</u>, 479 F.3d 1299, 1301 (11th Cir.2007) (reaffirming that "the failure of ... court-appointed counsel to file more promptly [for state post-conviction relief does not qualify as] an impediment to filing created by State action, within the meaning of § 2244(d)(1)(B)."); <u>see also</u> <u>Johnson v. Fla. Dep't of Corr.</u>, 513 F.3d 1328, 1331–32 (11th Cir. 2008). Consequently, because counsel's alleged failure in not providing Petitioner with volume 7 of his trial transcript does not constitute "state action," the statutory trigger set forth in § 2244(d)(1)(B) does not apply to the Petition.

**E. Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(D)**

The Court afforded the parties an opportunity to file supplemental briefing based upon Robinson's argument that he was unable to ascertain his habeas claim that "hinge[s] on the court having instructed the jury with the manslaughter instruction," because he lacked the trial transcript which contain the instruction subsequently deemed fundamentally flawed in State v. Montgomery, 39 So. 3d 252 (Fla. 2010). Doc. #26 at 1-2. Robinson avers that he did not receive the necessary missing volume until the end of August 2011. Doc. #1 at 4. Respondent attempted, but was unable, to obtain Robinson's prison mail log from August 2011. Exh. L. Consequently, the Court will afford Robinson the benefit of August 31, 2011 as the date that he received the missing trial volume for purposes of determining whether his Petition is timely filed under § 2244(d)(1)(D).

As set forth in the Procedural History above, Petitioner filed his first Rule 3.850 motion on April 20, 2012 (Exh. C1), thus permitting **233 days** of AEDPA's limitations period to elapse. Petitioner's Rule 3.850 motion remained pending until mandate issued on August 5, 2014. Exh. D5. Before mandate issued, Petitioner filed a second Rule 3.850 motion (case no. 2D14-5342). Exh. F1. As noted *supra*, although initially addressed on the merits, Petitioner's second Rule 3.850 motion was deemed untimely

filed by the post-conviction court in its October 6, 2014 Order denying Petitioner's motion for rehearing, the denial of which was silently affirmed on appeal. Exhs. F5, G2. Prior to mandate issuing on November 4, 2015 in case no. 2D14-5342, Petitioner filed a third Rule 3.850 motion titled "Motion to Vacate" challenging Fla. Stat. 782.04 as unconstitutional on September 25, 2014 (case number 2D15-581) (Exh. I1), the denial of which was affirmed (Exh. J3). Mandate issued in case no. 2D15-581 on September 25, 2015 (Exh. J6).

Respondent argues Petitioner's second Rule 3.850 motion was not properly filed because, although the state post-conviction court initially denied the motion on the merits, the post-conviction court in its denial of Petitioner's motion for rehearing expressly found the post-conviction motion "untimely" and such ruling was affirmed by the appellate court. Doc. #31 at 10. Likewise, Respondent argues that Petitioner's third Rule 3.850 motion, filed after the second Rule 3.850 motion and denied with the cautionary language that any "further successive or frivolous motion" would result in a show cause order, must also be deemed not properly filed for AEDPA purposes. Id. at 11. The Court agrees. Under Florida law, a Rule 3.850 motion must be filed with two years from the date the conviction becomes final under Florida

law, with certain exceptions. Fla. R. Crim. P. 3.850(b). Petitioner's conviction became final on July 27, 2010, when mandate issued on his direct appeal. Even affording Petitioner the benefit of the August 31, 2011 trigger for purposes of Rule 3.850, his second Rule 3.80 motion was not filed until July 9, 2014, past Rule 3.850's two-year statute of limitations. Binding federal precedent holds that "consideration of the merits cannot alone convert a motion for post-conviction relief that no one disputes is time-barred under state law into a properly filed motion for tolling purposes under AEDPA." Gorby v. McNeil, 530 F.3d 1363, 1367 (11th Cir. 2008) (citing Evans v. Chavis, 546 U.S. 189 (2006); Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1318 (2006); Carey v. Stafford, 536 U.S. 214, 217-18 (2002)). Moreover, when a state court expressly finds a motion is untimely under state law, "that is the end of the matter regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." Carey, id.

Consequently, the AEDPA limitations period continued to run for another **611 days** after mandate issued on Petitioner's first Rule 3.850 motion (August 5, 2014) until Petitioner filed a Petition for Writ of Habeas Corpus to Correct a Manifest Injustice on April 6, 2016. Notably, Petitioner filed the instant Petition

on May 16, 2016, while his state Petition remained pending causing no further time to elapse under AEDPA.  Thus, a total of **844 days had run on the AEDPA clock,** making the instant Petition untimely by 479 days.

Petitioner does not argue that either the second of third Rule 3.850 motions were properly filed for AEDPA purposes.  Even assuming *arguendo* that both motions were properly filed to stop the AEDPA clock (not conceded), the Petition still would be time-barred.  The dates during which the third Rule 3.850 motion was pending (September 25, 2014 to September 29, 2015) are subsumed with the period that the second Rule 3.850 was pending (July 9, 2014 to November 4, 2015).  Thus, the AEDPA clock restarted on November 5, 2015, and would have ran for an additional **154 days** until April 6, 2016, when Petitioner filed his state Habeas effectively stopping the AEDPA clock.  Even giving Petitioner the benefit of tolling for these two post-convictions motions, 387 days of untolled time elapsed making the Petition late by 22 days.

Based upon the above, the Court finds that even affording Petitioner the benefit of § 2244(d)(1)(D) and permitting for the sake of argument the tolling of the second and third Rule 3.850 motions, the Petition is untimely filed beyond the one-year

limitation period set forth in AEDPA and must be dismissed. 28 U.S.C. § 2244(d)(1).

### III. **Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citations omitted). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is hereby

**ORDERED:**

1. The Petition (Doc. #14) is **DISMISSED WITH PREJUDICE** as time-barred.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE and ORDERED** at Fort Myers, Florida, this __29th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record